**Michael HEIT, Plaintiff,**

v.

**Thomas R. BUGBEE and Roy E. Smythe, Defendants.**

No. 77–40045.

United States District Court, E. D. Michigan, S. D.

May 14, 1980.

Gregory T. Gibbs, Green, Haldy, Gibbs & McCabe, Flint, Mich., for plaintiff.

Brian M. Barkey, Flint, Mich., for defendants.

## FACTS

NEWBLATT, District Judge.

Plaintiff was removed from Defendants' list of candidates for fire fighter trainee because he did not meet the City's durational residency requirement. Plaintiff filed suit in 1977, alleging violations of the Fourteenth Amendment's Equal Protection clause and of the constitutional right to travel, and requested injunctive, declaratory, and monetary relief.

In an opinion dated January 25, 1980, this Court held that removing Plaintiff from the list of candidates for his failure to meet the durational residency requirement violated Plaintiff's Constitutional right to travel. The matter is presently before the Court on the question of whose burden it is at trial to establish whether Plaintiff would or would not have been hired. By pretrial Order of November 1, 1979, both parties were to brief the issue by January 1, 1980. Plaintiff has done so and Defendants have informed the Court they will offer no memorandum in support of their position.

## MEMORANDUM OPINION AND ORDER

It is Plaintiff's contention that once a constitutional violation has been established, the burden shifts to the Defendant, i. e., the Defendant must show that Plaintiff would not have been hired, even if he had remained on the list of candidates. Conversely, it is Defendants' position that Plaintiff must show that he would have been hired, but for his removal from the list.

Plaintiff has cited two (2) cases in support of his theory: *Mt. Healthy City Board v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and *Arlington Heights v. Metro Housing Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

In *Mt. Healthy*, a school board had refused to rehire a teacher; it was established by the teacher-respondent that the motivating or substantial reason for the Board's deci-

sion was a telephone call the respondent had made to a radio station. In remanding the case for further proceedings, the Court stated that the Court below had properly placed the burden on the respondent to show that his constitutionally protected conduct was a substantial or motivating factor in the Board's decision. The Court went on to hold:

> Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's employment even in the absence of the protected conduct. 429 U.S. at 287, 97 S.Ct. at 576, 50 L.Ed.2d at 484.

Similarly, in *Arlington Heights*, the Court examined the denial of a rezoning permit sought by petitioner. Although a majority of the Court found that the respondents had failed to prove that racial discrimination was a motivating factor in the denial, the Court by dicta stated:

> Such proof would, however, have shifted to the Village the burden of establishing that the same decision would have resulted even had the impermissible purpose not been considered. 429 U.S. at 271, fn. 21, 97 S.Ct. at 566, fn. 21, 50 L.Ed.2d at 468, fn. 21.

Significantly, both *Mt. Healthy*, and *Arlington Heights*, are cited in support of plaintiff's position in *University of California Regents v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978), a case with facts similar to the one at bar. See footnote 54. In *Bakke*, a white male had been denied admission to the medical school of the University of California at Davis, because of an unconstitutional dual admissions program. The Supreme Court of California, in *Bakke v. Regents*, 18 Cal.3d 34, 132 Cal.Rptr. 680, 553 P.2d 1152, (affirmed in part, and reversed in part on other grounds, in the U.S. Supreme Court) had held, *inter alia*, that the burden was on the school to show Bakke would have been denied admission in any event. The University had failed to meet that burden, and the

Court had therefore ordered Bakke admitted. The Supreme Court affirmed that part of the California opinion without discussion. 438 U.S. at 320, 98 S.Ct. at 2764, 57 L.Ed.2d at 790. Because of this, it is helpful to examine the California Court's opinion.

The California Supreme Court recognized that under general rules of evidence, the burden would remain with a Plaintiff throughout the trial. However, analogizing to Title VII cases, in which the burden shifts once the complainant has established a prima facie case of discrimination. *See e. g., McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Court held that the burden likewise shifted when the complainant establishes a constitutional violation. In support of its decision, the Court quoted from a Title VII case, *Franks v. Bowman Transportation, Inc.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976) in which the Supreme Court stated "no reason appears . . . why the victim rather than the perpetrator of the illegal act should bear the burden of proof . . . " 96 S.Ct. at 1268, 132 Cal.Rptr. at 700, 553 P.2d at 1172.

The analogy is well-taken and the policy considerations are sound. *Bakke, supra; Mt. Healthy, supra*, and *Arlington Heights, supra*, firmly support Plaintiff's contention. For all of these reasons, this Court holds that Defendants must bear the burden at trial of showing, by a preponderance of the evidence, that Plaintiff would not have been hired even if he had remained on the list of eligible candidates for the fire fighter position.

IT IS SO ORDERED.